## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| IN RE:    CARL BLAUWKAMP, | Case No.  14-05130-jwb |
| | Chapter 7 Filed: 07/31/14 |
| Debtor. | Honorable James W. Boyd |
| _____ / | U.S. Bankruptcy Judge |

| | |
|---|---|
| HIGHPOINT ELECTRIC, INC., | |
| Plaintiff, | |
| v. | Adv. Pro. Case No. 14-80288-jwb |
| CARL BLAUWKAMP, | |
| Defendant. | |
| _____ / | |

### ANSWER TO HIGHPOINT ELECTRIC, INC.'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS UNDER 11 U.S.C. § 523(a)(4)

Carl Blauwkamp ("Defendant"), by his attorneys, Miller Johnson, for his Answer to Highpoint Electric, Inc.'s Complaint to Determine Dischargeability of Indebtedness Under U.S.C. 11 § 523(a)(4), states as follows:

### INTRODUCTION

1.      Carl L. Blauwkamp ("Debtor") commenced his bankruptcy case by filing a voluntary chapter 7 petition with this Court on July 31, 2014 ("Petition Date").

**ANSWER:  Admitted.**

2.      Thomas R. Tibble has been appointed as the chapter 7 trustee.

**ANSWER:  Admitted.**

3.      Plaintiff HighPoint is a Michigan corporation headquartered in Michigan, with offices located at 8113 Belmont Avenue, Belmont Michigan 49306, and 211 12th Street SW, Loveland, Colorado 80537.

MJ_DMS 26722899v1 38116-1

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.**

4.     On information and belief, Debtor is an individual who resides at 13 Carousel Lane, Holland, Michigan 49423.

**ANSWER: Admitted.**

5.     This adversary proceeding is commenced pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER: Admitted.**

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and W.D. Mich. LCivR 83.2(a) and (b).

**ANSWER: Defendant admits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a).**

7.     This is a "core" matter pursuant to 28 U.S.C. § 157(b)(2)(I).

**ANSWER: It is admitted that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), with regard to determination as to the dischargeability of debt only. In further answer, Defendant consents to the entry of final orders by this Court with regard to determination as to dischargeability of debt only. To the extent Plaintiff seeks a judgment for damages against Defendant, the allegations set forth in paragraph 7 of the Complaint contain legal conclusions to which no response is required.**

8.     Venue is proper pursuant to 28 U.S.C. § 1409.

**ANSWER: Admitted.**

## GENERAL ALLEGATIONS

9.     Lamar Construction Company ("Lamar") is a Michigan-based national commercial contractor.

**ANSWER: Admitted.**

10.     Lamar engaged HighPoint as a subcontractor to provide electrical services for Lamar on a number of projects.

**ANSWER: Admitted.**

11.     As of the Petition Date, Lamar owed HighPoint over $1.3 million for various services rendered.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.**

12.     Debtor is an insider within the meaning of 11 U.S.C. § 101(31) of Lamar because, on information and belief, (1) Debtor is Lamar's President and Treasurer, (2) Debtor serves as a Director of Lamar, and (3) Debtor owns shares of stock in Lamar.

**ANSWER: Defendant admits that he was an officer, employee and shareholder of Lamar.  The balance of the allegations set forth in paragraph 12 of the Complaint are legal conclusions to which no response is required.  To the extent an answer is required, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the balance of the allegations set forth in paragraph 12 of the Complaint.**

13.     Lamar engaged HighPoint to provide electrical services for specific construction projects commonly known as Creek Side Apartments, Harbor Village, Fernelius Chevrolet, Challenge Plant 3 and Challenge P2, Bay Harbor Yacht Club, E&W/BMW Okemos, and II Stanley (the "Projects").

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.**

14.    Lamar agreed to pay HighPoint for its services for Lamar on the Projects in a timely manner and in compliance with applicable laws.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.**

15.    M.C.L. § 570.151 provides that

> In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

**ANSWER: The allegations set forth in paragraph 15 of the Complaint are legal conclusions to which no response is required.**

16.    M.C.L. § 570.152 provides that

> Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part therefor, of any payment made to him, for any other purpose than to first pay laborers, subcontractors and materialmen, engaged by him to perform labor or furnish material for the specific improvement, shall be guilty of a felony in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the complaint of any persons so defrauded, and, upon conviction, shall be punished by a fine of not less than 100 dollars or more than 5,000 dollars and/or not less than 6 months nor more than 3 years imprisonment in a state prison at the discretion of the court.

**ANSWER: The allegations set forth in paragraph 16 of the Complaint are legal conclusions to which no response is required.**

17.     MCL § 570.151 required Lamar to hold any funds it received in payment for each and every Project in trust for the purpose of first paying amounts Lamar owed at the time of receipt to the contractors, laborers, subcontractors such as HighPoint, and materialmen Lamar had engaged for that Project.

**ANSWER: The allegations set forth in paragraph 17 of the Complaint are legal conclusions to which no response is required.**

18.     MCL § 570.151 makes Lamar a trustee for funds received in payment for the Projects.

**ANSWER: The allegations set forth in paragraph 18 of the Complaint are legal conclusions to which no response is required.**

19.     MCL §§ 570.151 and 152 taken together, along with Debtor's role as an officer and director of Lamar, meant that Debtor is a "contractor" for purposes of MCL §§ 570.151 and 152. *Patel v. Shamrock Floorcovering Servs. (In re Patel)*, 565 F.3d 963, 968-70 (6th Cir. 2009).

**ANSWER: The allegations set forth in paragraph 19 of the Complaint are legal conclusions to which no response is required.**

20.     In light of Debtor's role as an officer and director of Lamar, MCL §§ 570.151 and 152 imposed a fiduciary duty on Debtor to ensure that Lamar paid its subcontractors from the funds it received. *Id*.

**ANSWER: The allegations set forth in paragraph 20 of the Complaint are legal conclusions to which no response is required.**

21.     Debtor is thus liable to its subcontractors to the extent Lamar misused funds and failed to pay its subcontractors in accordance with MCL §§ 570.151 and 152.

**ANSWER: Denied.**

22.    Upon information and belief, Lamar received payment for its work (and the work completed by HighPoint) on each Project by the owners and general contractors of the respective Project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.**

23.    Despite being paid on the Projects, Lamar has not paid HighPoint in full for its services as a subcontractor for Lamar on the Projects for the amounts due and owing to HighPoint when Lamar received each payment on each Project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.**

24.    Lamar therefore unjustly retained funds held in trust for HighPoint on each of the Projects.

**ANSWER: Denied.**

25.    Lamar applied the funds it unjustly retained for purposes other than paying HighPoint the amounts due and owing to HighPoint at the time Lamar received payments from the owners and general contractors of the Projects.

**ANSWER: Denied.**

26.    Debtor is liable to HighPoint for the amounts that it caused Lamar to unjustly retain from HighPoint. *Patel*, 565 F.3d at 968-70.

**ANSWER: Denied.**

27.    HighPoint has been able to negotiate settlements with some of the owners and general contractors of the Projects, but as of the date of this complaint, has still been damaged by Debtor's actions.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint that Highpoint has been able to negotiate settlement with some of the owners and general contractors of the Projects.   Defendant denies that as of the date of the Complaint, Plaintiff has been damaged by Debtor's actions.**

28.    Debtor's actions in violation of MCL §§ 570.151 and 152 constitute fraud or defalcation while acting in a fiduciary capacity, as defined in 11 U.S.C. § 523(a)(4).

**ANSWER:  Denied.**

## COUNT I — CREEK SIDE APARTMENTS
## FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

29.    HighPoint realleges the allegations in paragraphs 1 through 28.

**ANSWER:  Defendant incorporates by reference as if fully restated here, his responses to paragraphs 1-28 of the Complaint.**

30.    HighPoint provided electrical services to Lamar as a subcontractor on the construction project known as Creek Side Apartments located in Franklin County, Ohio.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.**

31.    Debtor was a contractor on the Creek Side Apartments project for purposes of MCL §§ 570.151 and 152. Patel, 565 F.3d at 968-70.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.**

32.    HighPoint filed applications with Lamar for payment for the services it provided for Lamar on the Creek Side Apartments project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.**

33.    Lamar received payments from the owners or general contractors of Creek Side Apartments.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.**

34.    HighPoint has not been paid in full on the applications that it had filed with Lamar prior to the time that Lamar received payments from the owners or general contractors of Creek Side Apartments.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.**

35.    Debtor had a fiduciary duty to Lamar's subcontractors such as HighPoint to ensure that subcontractors were paid first with the funds Lamar received from the owners or general contractors of Creek Side Apartments.

**ANSWER: Denied.**

36.    Debtor's breach of its fiduciary duty to HighPoint renders Debtor liable for the damages caused by such breach.

**ANSWER: Denied.**

37.    HighPoint incurred damages of no less than $20,925.57 as a result of Debtor's breach of its fiduciary duty to HighPoint.

**ANSWER:  Denied.**

38.    Debtor's breach of its fiduciary duty to HighPoint renders the Debtor's debt of $20,925.57 to HighPoint nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER:  Denied.**

### COUNT II — HARBOR VILLAGE
### FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

39.    HighPoint realleges the allegations in paragraphs 1 through 28 (sic).

**ANSWER:  Defendant incorporates by reference as if fully restated here, his responses to paragraphs 1-38 of the Complaint.**

40.    HighPoint provided electrical services to Lamar as a subcontractor on the construction project known as Harbor Village located in Berrien County, Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.**

41.    Debtor was a contractor on the Harbor Village project for purposes of MCL §§ 570.151 and 152.  *Patel*, 565 F.3d at 968-70.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.**

42.    HighPoint filed applications with Lamar for payment for the services it provided for Lamar on the Harbor Village project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.**

43.    Lamar received payments from the owners or general contractors of Harbor Village.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.**

44.    HighPoint has not been paid in full on the applications that it had filed with Lamar prior to the time that Lamar received payments from the owners or general contractors of Harbor Village.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.**

45.    Debtor had a fiduciary duty to Lamar's subcontractors such as HighPoint to ensure that subcontractors were paid first with the funds Lamar received from the owners or general contractors of Harbor Village.

**ANSWER:  Denied.**

46.    Debtor's breach of its fiduciary duty to HighPoint renders Debtor liable for the damages caused by such breach.

**ANSWER:  Denied.**

47.    HighPoint incurred damages of no less than $700,454.51 as a result of Debtor's breach of its fiduciary duty to HighPoint.

**ANSWER:  Denied.**

48.    Debtor's breach of its fiduciary duty to HighPoint renders the Debtor's debt of $700,454.51 to HighPoint nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER:  Denied.**

## COUNT III — FERNELIUS CHEVROLET
## FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

49.    HighPoint realleges the allegations in paragraphs 1 through 28 (sic).

**ANSWER: Defendant incorporates by reference as if fully restated here, his responses to paragraphs 1-48 of the Complaint.**

50.    HighPoint provided electrical services to Lamar as a subcontractor on the construction project known as Fernelius Chevrolet located in Ogemaw County, Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.**

51.    Debtor was a contractor on the Fernelius Chevrolet project for purposes of MCL §§ 570.151 and 152. *Patel*, 565 F.3d at 968-70.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint.**

52.    HighPoint filed applications with Lamar for payment for the services it provided for Lamar on the Fernelius Chevrolet project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.**

53.    Lamar received payments from the owners or general contractors of Fernelius Chevrolet.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.**

54.    HighPoint has not been paid in full on the applications that it had filed with Lamar prior to the time that Lamar received payments from the owners or general contractors of Fernelius Chevrolet.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.**

55.    Debtor had a fiduciary duty to Lamar's subcontractors such as HighPoint to ensure that subcontractors were paid first with the funds Lamar received from the owners or general contractors of Fernelius Chevrolet.

**ANSWER:  Denied.**

56.     Debtor's breach of its fiduciary duty to HighPoint renders Debtor liable for the damages caused by such breach.

**ANSWER:  Denied.**

57.    HighPoint incurred damages of no less than $6,142.50 as a result of Debtor's breach of its fiduciary duty to HighPoint.

**ANSWER:  Denied.**

58.    Debtor's breach of its fiduciary duty to HighPoint renders the Debtor's debt of $6,142.50 to HighPoint nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER:  Denied.**

**COUNT IV — CHALLENGER PLANT 3**
**FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY**

59.    HighPoint realleges the allegations in paragraphs 1 through 28 (sic).

**ANSWER:  Defendant incorporates by reference as if fully restated here, his responses to paragraphs 1-58 of the Complaint.**

60.     HighPoint provided electrical services to Lamar as a subcontractor on the construction project known as Challenger Plant 3 located in Kent County, Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.**

61.     Debtor was a contractor on the Challenger Plant 3 project for purposes of MCL §§ 570.151 and 152. *Patel*, 565 F.3d at 968-70.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.**

62.     HighPoint filed applications with Lamar for payment for the services it provided for Lamar on the Challenger Plant 3 project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint.**

63.     Lamar received payments from the owners or general contractors of Challenger Plant 3.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint.**

64.     HighPoint has not been paid in full on the applications that it had filed with Lamar prior to the time that Lamar received payments from the owners or general contractors of Challenger Plant 3.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.**

65.     Debtor had a fiduciary duty to Lamar's subcontractors such as HighPoint to ensure that subcontractors were paid first with the funds Lamar received from the owners or general contractors of Challenger Plant 3.

**ANSWER:  Denied.**

66.     Debtor's breach of its fiduciary duty to HighPoint renders Debtor liable for the damages caused by such breach.

**ANSWER:  Denied.**

67.     HighPoint incurred damages of no less than $51,731.56 as a result of Debtor's breach of its fiduciary duty to HighPoint.

**ANSWER:  Denied.**

68.     Debtor's breach of its fiduciary duty to HighPoint renders the Debtor's debt of $51,731.56 to HighPoint nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER:  Denied**

**COUNT V — CHALLENGER PLANT 2**
**FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY**

69.     HighPoint realleges the allegations in paragraphs 1 through 28 (sic).

**ANSWER:  Defendant incorporates by reference as if fully restated here, his responses to paragraphs 1-68 of the Complaint.**

70.     HighPoint provided electrical services to Lamar as a subcontractor on the construction project known as Challenger Plant 2 located in Kent County, Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.**

71.     Debtor was a contractor on the Challenger Plant 2 project for purposes of MCL §§ 570.151 and 152. *Patel*, 565 F.3d at 968-70.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint.**

72.     HighPoint filed applications with Lamar for payment for the services it provided for Lamar on the Challenger Plant 2 project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.**

73.     Lamar received payments from the owners or general contractors of Challenger Plant 2.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.**

74.      HighPoint has not been paid in full on the applications that it had filed with Lamar prior to the time that Lamar received payments from the owners or general contractors of Challenger Plant 2.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint.**

75.     Debtor had a fiduciary duty to Lamar's subcontractors such as HighPoint to ensure that subcontractors were paid first with the funds Lamar received from the owners or general contractors of Challenger Plant 2.

**ANSWER:  Denied.**

76.     Debtor's breach of its fiduciary duty to HighPoint renders Debtor liable for the damages caused by such breach.

**ANSWER:  Denied.**

77.     HighPoint incurred damages of no less than $3,631.36 as a result of Debtor's breach of its fiduciary duty to HighPoint.

**ANSWER:  Denied.**

78.     Debtor's breach of its fiduciary duty to HighPoint renders the Debtor's debt of $3,631.36 to HighPoint nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER:  Denied.**

### COUNT VI— BAY HARBOR YACHT CLUB
### FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

79.     HighPoint realleges the allegations in paragraphs 1 through 28 (sic).

**ANSWER:  Defendant incorporates by reference as if fully restated here, his responses to paragraphs 1-78 of the Complaint.**

80.     HighPoint provided electrical services to Lamar as a subcontractor on the construction project known as Bay Harbor Yacht Club located in Emmet County, Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.**

81.     Debtor was a contractor on the Bay Harbor Yacht Club project for purposes of MCL §§ 570.151 and 152. *Patel*, 565 F.3d at 968-70.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.**

82.     HighPoint filed applications with Lamar for payment for the services it provided for Lamar on the Bay Harbor Yacht Club project

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.**

83.     Lamar received payments from the owners or general contractors of Bay Harbor Yacht Club.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.**

84.     HighPoint has not been paid in full on the applications that it had filed with Lamar prior to the time that Lamar received payments from the owners or general contractors of Bay Harbor Yacht Club.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.**

85.     Debtor had a fiduciary duty to Lamar's subcontractors such as HighPoint to ensure that subcontractors were paid first with the funds Lamar received from the owners or general contractors of Bay Harbor Yacht Club.

**ANSWER:  Denied.**

86.     Debtor's breach of its fiduciary duty to HighPoint renders Debtor liable for the damages caused by such breach.

**ANSWER:  Denied.**

87.     HighPoint incurred damages of no less than $33,513.75 as a result of Debtor's breach of its fiduciary duty to HighPoint.

**ANSWER:  Denied.**

88.    Debtor's breach of its fiduciary duty to HighPoint renders the Debtor's debt of $33,513.75 to HighPoint nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER:  Denied.**

## COUNT VII — E&W/BMW OKEMOS
## FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

89.    HighPoint realleges the allegations in paragraphs 1 through 28 (sic).

**ANSWER:  Defendant incorporates by reference as if fully restated here, his responses to paragraphs 1-88 of the Complaint.**

90.    HighPoint provided electrical services to Lamar as a subcontractor on the construction project known as E&W/BMW Okemos located in Ingham County, Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.**

91.    Debtor was a contractor on the E&W/BMW Okemos project for purposes of MCL §§ 570.151 and 152. *Patel*, 565 F.3d at 968-70.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.**

92.    HighPoint filed applications with Lamar for payment for the services it provided for Lamar on the E&W/BMW Okemos project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.**

93.    Lamar received payments from the owners or general contractors of E&W/BMW Okemos.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.**

94.    HighPoint has not been paid in full on the applications that it had filed with Lamar prior to the time that Lamar received payments from the owners or general contractors of E&W/BMW Okemos.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint.**

95.    Debtor had a fiduciary duty to Lamar's subcontractors such as HighPoint to ensure that subcontractors were paid first with the funds Lamar received from the owners or general contractors of E&W/BMW Okemos.

**ANSWER: Denied.**

96.    Debtor's breach of its fiduciary duty to HighPoint renders Debtor liable for the damages caused by such breach.

**ANSWER: Denied.**

97.    HighPoint incurred damages of no less than $8,975.00 as a result of Debtor's breach of its fiduciary duty to HighPoint.

**ANSWER: Denied.**

98.    Debtor's breach of its fiduciary duty to HighPoint renders the Debtor's debt of $8,975.00 to HighPoint nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER: Denied**

**COUNT VIII — II STANLEY**
**FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY**

99.    HighPoint realleges the allegations in paragraphs 1 through 28 (sic).

**ANSWER: Defendant incorporates by reference as if fully restated here, his responses to paragraphs 1-98 of the Complaint.**

100.    HighPoint provided electrical services to Lamar as a subcontractor on the construction project known as II Stanley located in Calhoun County, Michigan.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.**

101.    Debtor was a contractor on the II Stanley project for purposes of MCL §§ 570.151 and 152. Patel, 565 F.3d at 968-70.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint.**

102.    HighPoint filed applications with Lamar for payment for the services it provided for Lamar on the II Stanley project.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Complaint.**

103.    Lamar received payments from the owners or general contractors of II Stanley.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint.**

104.    HighPoint has not been paid in full on the applications that it had filed with Lamar prior to the time that Lamar received payments from the owners or general contractors of II Stanley.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.**

105.    Debtor had a fiduciary duty to Lamar's subcontractors such as HighPoint to ensure that subcontractors were paid first with the funds Lamar received from the owners or general contractors of II Stanley.

**ANSWER:  Denied.**

106.    Debtor's breach of its fiduciary duty to HighPoint renders Debtor liable for the damages caused by such breach.

**ANSWER:  Denied.**

107.    HighPoint incurred damages of no less than $16,875.00 as a result of Debtor's breach of its fiduciary duty to HighPoint.

**ANSWER:  Denied.**

108.    Debtor's breach of its fiduciary duty to HighPoint renders the Debtor's debt of $16,875.00 to HighPoint nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

**ANSWER:  Denied.**

<u>**AFFIRMATIVE DEFENSES**</u>

Defendant raises the following affirmative defenses:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff's claims are barred in whole or in part by payment, waiver and/or equitable estoppel.

3.    Plaintiff's claims are barred in whole or in part because no fiduciary relationship sufficient to satisfy 11 U.S.C. § 523(a)(4) existed between the parties.

4.      Plaintiff's claims are barred in whole or in part because Defendant's actions, or inactions, if any, did not constitute fraud, defalcation, embezzlement or larceny as those terms are used in 11 U.S.C. § 523(a)(4).

5.      Plaintiff's claims are barred in whole or in part by release or satisfaction.

6.      Plaintiff's claims are barred in whole or in part by Plaintiff's election of remedies.

7.      Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate its damages.

8.      During the times of the alleged transactions described in the Complaint, Lamar was under the effective control and/or acting at the direction of, third parties, and not Defendant.

9.      Defendant reserves the right to raise additional affirmative defenses.

WHEREFORE, Defendant respectfully requests that this Court:

A.      Dismiss the Complaint filed against him;

B.      Award Defendant his attorneys' fees and costs incurred in defending this action; and

C.      Grant Defendant such other and further relief as this Court may deem just, equitable and proper.

MILLER JOHNSON
Attorneys for Defendant

Dated:  December 18, 2014          By:  /s/ John T. Piggins
                                         John T. Piggins (P34495)
                                         pigginsj@millerjohnson.com
                                  Business Address:
                                         250 Monroe Avenue, NW, Suite 800
                                         P.O. Box 306
                                         Grand Rapids, MI 49501-0306
                                         (616)  831-1700